IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID O. ALLEN,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>PAM AHLIN, Executive Director,<br><br>　　　　　Respondent. | No. C 10-2953 JSW (PR)<br><br>**ORDER OF DISMISSAL** |

  This is a petition for a writ of habeas corpus brought *pro se* by Petitioner challenging the constitutional validity of his detention after a probable cause hearing under the amendments to the Sexually Violent Predator Act in the Sexual Predator Punishment and Control Act of 2006.  Petitioner's earlier habeas petition challenging the same detention was filed under Case No. C:08-cv-4080 JSW (PR).  That petition was denied on abstention grounds by this Court on March 9, 2009.  That case is now pending on appeal in the United States Court of Appeals for the Ninth Circuit.  Petitioner now files a separate habeas petition raising what appear to be the same claims as well as additional claims as those raised in his earlier petition.

  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law on April 24, 1996.  Under AEDPA, a district court must dismiss claims presented in a second or successive habeas petition challenging the same conviction and sentence that were raised in a previous petition.  *See* 28 U.S.C. § 2244(b)(1); *Babbitt v. Woodford*, 177 F.3d 744, 745-46 (9th Cir. 1999).  A new factual basis for a claim

previously presented is not sufficient to prevent it from falling under this section. *See id.* at 746 (ineffective assistance claim based on counsel's alcohol abuse successive of claim that counsel failed to present Post Traumatic Stress Disorder claim). Additionally, a district court must dismiss any new claims raised in a successive petition unless the petitioner received an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A).

Here, the instant petition challenges the same detention as the earlier petition previously denied by this Court. Petitioner has not presented an order from the court of appeals authorizing the Court to consider these claims. Accordingly, the petition for writ of habeas corpus is DISMISSED as a second and successive petition. Petitioner is free to seek such an order from the United States Court of Appeals for the Ninth Circuit. *See*, 28 U.S.C. § 2244(b)(3)(A).

The Clerk shall close the file and enter judgment in this matter.

IT IS SO ORDERED.

DATED: October 14, 2010

JEFFREY S. WHITE
United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID O. ALLEN,<br><br>        Plaintiff,<br><br>  v.<br><br>PAM AHLIN et al,<br><br>        Defendant. | Case Number: CV10-02953 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 14, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David O. Allen
K39029
P.O. Box 5003
Coalinga, CA 93210-5003

Dated: October 14, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk